EATON v. GENTLE, who sues for the use of TRACY.

1. WITNESS—INTEREST.—When a witness has a direct and immediate interest in the subject-matter of a suit, he will be excluded if called upon to testify in favor of such interest.

2. SAME.—The true test of the interest of a witness is, whether he will gain or lose by the direct legal operation and effect of the judgment in the cause ; or, whether the record will be legal evidence for or against him, in some other action. But this rule does not extend to agents, carriers, factors, brokers, or other servants, as to acts done within the scope of their employment.

3. SAME.—A sheriff, who pays money collected on execution, to the attorney of the plaintiff, is a competent witness for the plaintiff in an action brought by him against his attorney for the money received from the sheriff, the case being an exception to the general rule.

(1 *Chand.* 10.)

ERROR to the District Court for *Iowa* County.

This was an action of assumpsit, brought by *Gentle*, for the recovery of money alleged to have been had and received by *Eaton* for the use of Charles Tracy, and for which *Gentle* instituted the suit for the use and benefit of Tracy. The defendant pleaded *non-assumpsit*.

The cause was brought to trial at the October term of the district court for Iowa county, in the year 1847; and by a stipulation and agreement between the attorneys on either side, a jury was dispensed with, and the cause was tried by and before the district judge ; who, after hearing the proofs of the parties, adjudged and determined that the plaintiff recover against the defendant the sum of $87.28.

On the trial of the cause, the plaintiff produced James H. Gentry, former sheriff of Iowa county, and Moses Whitesides, to prove that certain moneys had been paid to the defendant,

VOL. II.—6

as the attorney of the plaintiff in the suit of *Gentle v. Perry*. The defendant objected to Gentry being sworn, upon the ground of interest; and to prove his interest, he produced an execution issued in the cause of *Gentle v. Perry*, on the back of which was indorsed by Gentry, sheriff, that he had the sums named in the writ to render to *Gentle*, as within he was commanded. The judge overruled the objection and admitted Gentry to testify.

This witness proved that shortly after he had made the before-mentioned indorsement on the execution, he paid the amount called for by the execution to the defendant as the attorney of *Gentle*, with the exception of $14, and for which latter sum the witness had an order from *Gentle* for money due the witness.

Moses Whitesides proved a conversation between himself and the defendant, some years before the trial of the cause, stating therein that he had called upon the defendant at the request of the plaintiff, for the money collected on the execution against Perry; at which time the defendant pretended that the money was in the hands of one Sherry, the former clerk of the court, but then dead; and that there was no other mode of recovering it than by suit against the bail of Sherry. The defendant admitted in this conversation that he had received his fees as attorney of *Gentle*. The defendant sued out a writ of error.

*M. M. Cothren*, for plaintiff in error.

*Dunn & Crawford*, for defendants in error.


WHITON, J. This action was brought by the defendant in error against the plaintiff in error, in the late district court of Iowa county, to recover a sum of money alleged to have been collected by him as the attorney of the defendant in error. The parties having waived a jury, the case was tried by the judge. The errors relied on by the plaintiff in error, to reverse the judgment, appear in the assignment of errors, which

is as follows : 1. The court erred in refusing to exclude the evidence of the witness, James H. Gentry, and in receiving the same after his interest had been shown. 2. The court erred in rendering judgment against the plaintiff on the proofs presented. 3. The judgment of the court was contrary to law and the evidence in the case.

The bill of exceptions shows, that on the trial the witness, Gentry, was called upon to testify on the part of the defendant in error, and objected to by the plaintiff in error on the ground of interest. To prove his interest, the plaintiff in error produced an execution issued on a judgment recovered in the district court of Iowa county, at a previous term, in favor of the defendant in error against one Peter Perry, on which there was an indorsement by the witness (who, at the time of making it, was the sheriff of Iowa county), in the following words : " I have the sum named in the within writ, to render unto *Stephen Gentle* as within I am commanded.

JAMES H. GENTRY,

April 2, 1838.                              *Sheriff.*"

The judge who tried the cause being of the opinion that the proof adduced did not establish such an interest in the witness as ought to exclude him, permitted him to testify. He testified that a few days after the indorsement was made on the execution, he paid the amount collected to the plaintiff in error as the attorney of the defendant in error, with the exception of $14, for which he had an order from the defendant in error for money due the witness, which order was paid and allowed by *Eaton* as attorney of *Gentle*.

It is insisted by the plaintiff in error, that the witness had a direct interest in favor of the plaintiff below, inasmuch as, if a judgment was obtained against *Eaton* in the suit, the witness would be discharged from his liability to pay to *Gentle* the money collected for him on the execution.

The general doctrine on the subject, as understood by the court is, that when a witness has a direct and immediate

interest in the event of the suit he is excluded, if called upon to testify in favor of his interest.

The true test of the interest of a witness is, that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action.    1 Greenl. on Ev. § 390. To this rule there are many exceptions.    It does not extend to agents, carriers, factors, brokers or other servants, when offered to prove any acts done within the scope of their employment.    Thus, a clerk who has received money is a competent witness for the party who paid it, to prove the payment, though he is himself liable on the receipt of it. *Mathews v. Hayden*, 2 Esp. 509.    A factor who sells for the plaintiff, and is to have a percentage on the amount, is a competent witness to prove the contract of sale.    8 Barn. & Cress. 407.    The exception extends in principle to every species of agency or intervention by which business is transacted.

Is the witness Gentry within the rule or the exception? He had an execution in his hands, as the sheriff of Iowa county, against the property of Perry, and by the indorsement on the back of it the collection of the money by him was clearly established—and if the plaintiff below prevails in the action, the liability of Gentry to pay the money over to the plaintiff below will be extinguished.    By his return on the execution, his liability to the plaintiff below, for the amount of the execution, was clearly proved; and to permit him to testify, it is said, will violate the well-settled rule governing cases of this kind.

But we are of opinion that the case falls within the exception.    Gentry, the witness, was the sheriff of Iowa county, and it was his duty to pay the money over to the person entitled to receive it after its collection; and the plaintiff in error, as the attorney of *Gentle*, was the proper person to whom to pay it.    The sheriff may be considered as the agent

Eaton vs. Gentle.

of the plaintiff below, for the purpose of collecting the money and paying it over to him or his attorney in the suit; and the payment testified to by the witness, was a payment in the ordinary course of his business or employment.

The other errors assigned are all similar and may be considered together : they allege substantially that the court erred in rendering judgment against the plaintiff in error, for the reason that it was against the law and the evidence in the case. The bill of exceptions states that a witness by the name of Moses Whitesides was introduced by the plaintiff below, who testified that, some two or three years before, he called upon the plaintiff in error, at the request of Charles Tracy (for whose use the suit was brought), for the money collected on the judgment and execution alluded to ; that the plaintiff in error appeared to be dissatisfied with the conduct of Tracy, but said nothing which can be construed into a denial of the fact testified to by Gentry. It was stated in the argument of the counsel for the plaintiff in error, that he could not be charged in this action without proof of a demand upon him for the money which he had received as the attorney of the defendant in error, and it was for an alleged failure in the proof to establish the fact of a demand, that the counsel contended that the proof was not sufficient to justify the decision of the judge on the question of fact submitted to him.

Generally, an action cannot be maintained against an attorney for money collected by him for his client, without proof of a demand and refusal to deliver it, or of a conversion of it by the attorney. But we think that the testimony of Whitesides establishes the fact of a demand upon the plaintiff in error, and that the decision of the judge was correct upon the question submitted to him.

Judgment affirmed, with costs and ten per cent. damages.